# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PATRICK SHAWN SYLVESTER,     )
                                 )
         Plaintiff,        )
                                 )
         v.               )      1:20CV1091
                                 )
STATE OF NORTH CAROLINA, et al., )
                                 )
         Defendant(s).     )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee in Davidson County, North Carolina, previously submitted a civil rights action pursuant to 42 U.S.C. § 1983 in case 1:20CV478, together with an application to proceed *in forma pauperis*. Another Magistrate Judge with this Court recommended that the matter be dismissed because Plaintiff submitted an insufficient *in forma pauperis* form by leaving out the amount of deposits in his trust account and the balance of that account, and made unclear claims which appeared to be insufficient or made against improper Defendants. The recommended dismissal was without prejudice to Plaintiff filing a new action correcting these deficiencies. Plaintiff instead responded by filing a new *in forma pauperis* application and new complaint form, which he designated an amended Complaint. For administrative purposes and in keeping with the prior recommendation, the Court treated these filings as a new action. So treated, the form of the filings is still such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.        Plaintiff again submitted an *in forma pauperis* application, but did not include the amount of deposits into his trust account in the six months prior to filing or the balance of that account. Instead, as he did in his original lawsuit, Plaintiff's wrote "N/A," which means "not applicable" in the provided spaces. This is not correct. These figures are applicable and, in fact, are required. Plaintiff must provide these figures to the best of his ability. He should not continue to submit forms with "N/A" in the spaces for the amount.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defect of the present Complaint.[1] To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

_____

[1] The Court also notes that Plaintiff added the Magistrate Judge who handled his prior case as a Defendant based on her rulings in the case. This is not proper for two reasons. First, her rulings are not part of the facts that led to the original lawsuit and these claims would need to be brought, if at all, as part of an entirely separate lawsuit with a separate complaint form and *in forma pauperis* application. Second, the claims would fail on their face. Judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978).

2

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 9th day of December, 2020.

_____
Joe L. Webster
United States Magistrate Judge

Case 1:20-cv-01091-WO-JLW    Document 3    Filed 12/09/20    Page 3 of 3