IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PATRICK SHAWN SYLVESTER,   )
                          )
         Plaintiff,        )
                          )
    v.                    )        1:20CV1091
                          )
STATE OF NORTH CAROLINA,  )
et al.,                   )
                          )
         Defendant(s).     )

## ORDER

This matter is before the court for review of the Recommendation filed on December 9, 2020, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 3.) In the Recommendation, the Magistrate Judge recommends that this action be filed and dismissed without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, correcting the defects set out in the Recommendation. The Recommendation was served on the parties to this action on December 9, 2020. (Doc. 4.) Plaintiff filed objections, (Doc. 5), to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which the objections were made. This court first finds the objections should be struck. The majority of Plaintiff's objections are nothing more than a baseless personal attack on two Magistrate Judges in this district. The right to object to a Recommendation does not require a court to consider unfounded and vexatious accusations as to courts in this district. De novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, (4th Cir. 1982). This court finds Plaintiff's allegations are an abuse of the objection process and the objections should be disregarded and dismissed.

Nevertheless, this court has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. Specifically, the court notes that Plaintiff has submitted a new application to proceed in forma pauperis; however, it fails to correct the defects cited in the Recommendation. That is, it fails to provide the necessary information regarding Plaintiff's prisoner trust account such that the court can assess whether he

can proceed in forma pauperis. (See Doc. 5-1.) Plaintiff's statement that he does not "have a Trust Account at any bank" fails to respond to the question; the term "Trust Account" is not limited to banks but includes any institutional trust account. This court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 3), is **ADOPTED. IT IS FURTHER ORDERED** that this action be, and is hereby, dismissed without prejudice to Plaintiff filing a new Complaint, on the proper § 1983 forms, correcting the defects set out in the Order and Recommendation. A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 9th day of February, 2021.

_William L. Osteen, Jr._
United States District Judge